USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
SOLARKAL, LLC,                                                      :
                                                                    :
                                        Plaintiff,                  :     1:25-cv-9656-GHW
                                                                    :
                        -v -                                        :     ORDER
                                                                    :
HOLT GOLLATZ, *doing business as New World*                         :
*Strategies, LLC*,                                                  :
                                                                    :
                                        Defendant.                  :
                                                                    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff SolarKal, LLC ("SolarKal") commenced this action on November 19, 2025, against the above-captioned Defendant. As the basis for this Court's subject matter jurisdiction, Plaintiff invokes 28 U.S.C. § 1332(a), asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ("Compl.") ¶ 4.

Because Plaintiff's complaint fails to properly allege complete diversity between the parties, the Court issued an order to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction on November 20, 2025. Dkt. No. 7. In that order, the Court noted that because both Plaintiff and Defendant are limited liability companies, Plaintiff must allege the citizenship of the members of SolarKal and Holt Gollatz to establish complete diversity. *Id.* The Court gave Plaintiff until no later than November 24, 2025 to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed a letter in response to the order to show cause on November 24, 2025, wherein it argues that the parties are diverse because "Plaintiff is a *New York* limited liability company . . . and Defendant is a *Pennsylvania* limited liability company." Dkt. No. 8 (emphasis in original).

To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of

citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Plaintiff, as the party invoking diversity jurisdiction, "must allege in [the] pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").  When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Plaintiff's response to the Court's order to show cause does not sufficiently allege complete diversity because Plaintiff fails to properly allege the citizenship of each of the members of either SolarKal or of Holt Gollatz.  Plaintiff's letter merely reasserts that "Plaintiff is a *New York* limited liability company . . . and Defendant is a *Pennsylvania* limited liability company."[1]  Dkt. No. 8 (emphasis in original).  Nowhere in that letter does Plaintiff allege the citizenship of each of either its or Defendant's members.  For this reason, Plaintiff's allegations are insufficient for the Court to conclude that there is complete diversity between the parties.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, this case is hereby dismissed for lack of subject matter jurisdiction.  The Clerk of Court is directed to close this case.  Plaintiff is directed to serve a copy of this order on

---

[1] As explained both here, and in the Court's November 20, 2025 order to show cause, the state of incorporation is immaterial to determining subject matter jurisdiction when the parties are limited liability companies, even if the state of incorporation is italicized for emphasis.  *See* Dkt. No. 8 (italicizing state of incorporation for each party).  Rather, it is a well-established principle that a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank*, 692 F.3d at 49.

Defendant and to retain proof of service.

SO ORDERED.

Dated: November 24, 2025

_____
GREGORY H. WOODS
United States District Judge